Filed 6/3/21  Leiba v. Gann CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| NED LEIBA, | |
| Plaintiff and Respondent, | G058922 |
| v. | (Super. Ct. No. 30-2019-01090586) |
| GREGG GANN, | O P I N I O N |
| Defendant and Appellant; | |
| XAVIER BECERRA, as Attorney General, etc., | |
| Respondent. | |

Appeal from an order of the Superior Court of Orange County, John C. Gastelum, Judge.  Affirmed.

The Torrey Firm and Rebecca L. Torrey; Messner Reeves, Andrew S. Hollins and Alexander E. Janvelian; Freeman Mathis & Gary, Allen E. Sattler and Ryan A. Baggs for Defendant and Appellant.

Law Office of Ellsworth Vines, Ellsworth Vines and Henry Vines for Plaintiff and Respondent Ned Leiba.

Xavier Becerra, Attorney General, Tania M. Ibanez, Senior Assistant Attorney General, James M. Toma and Joseph N. Zimring, Deputy Attorneys General, for Respondent Attorney General.

*    *    *

Ned Leiba brought a derivative complaint against Gregg Gann for, among other things, misusing charitable assets to enrich himself. Gann responded by filing a special motion to strike the operative complaint pursuant to Code of Civil Procedure section 425.16 (anti-SLAPP motion).[1] The trial court determined the causes of action did not arise from protected activity and denied the anti-SLAPP motion. We agree and affirm the court's order.

FACTS

Leiba filed the derivative lawsuit as a director of Westview Services, Inc. (Westview), a charitable public benefit corporation. The operative complaint (complaint) asserted five causes of action: breach of fiduciary duty, abuse of control, corporate waste, unjust enrichment, and breach of charitable trust.

Specifically, the complaint asserted Gann, as Westview's director and chief executive officer, engaged in self-dealing, paid himself excessive compensation, and engaged in conduct in conflict with Westview's best interests. It repeatedly alleged Gann was not acting in the corporation's best interests, but rather in his own self-interest. It contended Gann violated nonprofit laws, Westview's bylaws, and charity tax rules. The complaint also alleged Gann failed to allow the board of directors to review his employment agreement, improperly took control of the board, engaged in conflicts of interest, and planned to convert charitable assets for his own personal enrichment. Finally, it stated that Gann sought an additional one million dollars from the charity to facilitate his retirement.

---

[1] All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

2

The complaint also detailed Gann's memorandum to the board of directors, stating: "'Since I started, the position of CEO has taken on greater personal liability being the 'employer' and the 'person' named on all Westview's licenses; plus, my time is more valuable. Therefore, I would appreciate the Board's assurances of Severance Pay and that when a course is chosen we agree on a fair performance bonus as compensation to me in either event of procuring new funds or closures.'" It also referenced a board meeting where Gann made several rulings that certain motions were "'Out of Order.'"

Gann brought an anti-SLAPP motion. Gann argued two of the four categories of protected activity applied to the complaint: Section 425.16, subdivisions (e)(3) and (e)(4). Gann asserted his oral and written statements, as well as certain "rulings" and votes taken as a board director, constituted protected activity. He argued the entire complaint arose out of Leiba's allegations Gann systematically took over the board of directors and wasted charitable funds due to his improper financial motives.

The trial court denied the anti-SLAPP motion. The court determined: "While Gann's memos, emails and oral statements may contain evidence of his breach of fiduciary duty, the [complaint] is not based on any statement made by Gann, but rather it is based on his repeated violations of his duty to act in the best interest of the charity. Thus, the allegations of allegedly protected speech, i.e., Gann's emails, memos and statements, are only incidental to the cause of action or as context for the claim." Ultimately, the court concluded no cause of action was based on protected speech. Because Gann failed to meet his burden under the first prong of the anti-SLAPP analysis, the court did not analyze the probability of prevailing on the merits under the second prong.

3

DISCUSSION

*I. Pertinent Anti-SLAPP Law and Standard of Review*

The anti-SLAPP statute seeks to encourage participation in matters of public significance and prevent meritless litigation designed to chill the exercise of First Amendment rights. (§ 425.16, subd. (a); *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060 (*Park*).) The statute authorizes a special motion to strike if a cause of action against a person arises from any act of that person in furtherance of the person's right of petition or free speech in connection with a public issue, unless the court determines the plaintiff has established there is a probability the plaintiff will prevail on the claim. (§ 425.16, subd. (b)(1).)

"'[S]ection 425.16 sets out a procedure for striking complaints in harassing lawsuits that are commonly known as SLAPP suits . . . , which are brought to challenge the exercise of constitutionally protected free speech rights.' [Citation.] A cause of action arising from a person's act in furtherance of the 'right of petition or free speech under the [federal or state] Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability' that the claim will prevail. (§ 425.16, subd. (b)(1).) 'The anti-SLAPP statute does not insulate defendants from *any* liability for claims arising from the protected rights of petition or speech. It only provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity. Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success. . . . 'We review de novo the grant or denial of an anti-SLAPP motion.' [Citation.]" (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940.)

4

Therefore, under the first prong, a defendant must make a "threshold showing" that the challenged activity is one "'arising from'" protected activity. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 76.) To do so, the court must examine "the *principal thrust* or *gravamen* of a plaintiff's cause of action" to determine whether the anti-SLAPP statute applies to the claims at issue. (*Trilogy at Glen Ivy Maintenance Assn. v. Shea Homes, Inc.* (2015) 235 Cal.App.4th 361, 368 (*Trilogy*).) The protected activity must supply all elements of the challenged claim. (*Park*, *supra*, 2 Cal.5th at p. 1063.)

Furthermore, "a claim is not subject to a motion to strike simply because it contests an action or decision that was arrived at following speech or petitioning activity, or that was thereafter communicated by means of speech or petitioning activity. Rather, a claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Park*, *supra*, 2 Cal.5th at p. 1060.) The mere fact that evidence of defendant's misconduct is contained in writings or statements is irrelevant for purposes of the anti-SLAPP analysis. (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 621.) If a defendant does not demonstrate the initial "'arising from'" requirement, the court need not address the second step. (*Trilogy*, *supra*, 235 Cal.App.4th at p. 367.)

II. *Analysis*

Gann's anti-SLAPP motion fails the first prong of the statute. This is because Gann fails to identify any protected speech or conduct from which the claims arise. We therefore affirm the trial court's order denying the anti-SLAPP motion.

To satisfy the "arising from" requirement, Gann must satisfy one of the four categories set forth in section 425.16, subdivision (e). (*Park*, *supra*, 2 Cal.5th at p. 1063.) Gann's anti-SLAPP motion invoked two of the four categories of protected activity under section 425.16, subdivision (e): "'(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue

5

of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."[2]

As explained above, a claim only arises from protected activity when that activity underlies or forms the basis for the claim. (*Park*, *supra*, 2 Cal.5th at p. 1062.) Defendant's act must itself have been in furtherance of the right of petition or free speech. (*Id*. at p. 1062.) Our focus is on determining what Gann's activity was that gave rise to the asserted liability—and whether that activity constitutes protected speech or petitioning. (*Id*. at p. 1063.)

The thrust of the complaint is that Gann breached his fiduciary duties to Westview by misusing charitable assets. The claims all arise from Gann's excessive compensation, efforts to prevent the board from reviewing his compensation, and conduct detrimental to the charity. These are not "written or oral statements" as required by section 425.16, subdivision (e)(3), and it does not apply. The only remaining potential application is section 425.16, subdivision (e)(4), based upon "any other conduct . . . ." Gann purports to support his claim under this subsection by framing his protected activity as speaking out at board meetings and his "rulings." Not so. The complaint references Gann's statements and other communications as context and evidence of his breaches, and his efforts to seek personal gain. None of the claims are based on protected activity; they do not arise from any specific statements or writings, but rather from Gann's compensation and breach of his duties to Westview.

---

[2]     Gann also cites section 425.16, subdivision (e)(2) (any statement or writing "made in connection with an issue under consideration or review by a legislative, executive, or judicial" body) in his opening brief. Gann did not raise this issue before the trial court, but even if we were to consider such a claim for the first time on appeal, Gann identifies no legislative, executive, or judicial body in which relevant statements were made. As with his other arguments, he also fails to identify any underlying speech or conduct from which the claims arise.

6

*Park* illustrates this distinction between incidental and protected speech arising from a claim. (*Park*, *supra*, 2 Cal.5th 1057.) There, a professor sued the university after it denied him tenure, alleging national origin discrimination. (*Id.* at p. 1061.) The university responded by filing an anti-SLAPP motion, which the trial court denied. (*Ibid*.) The court ruled, "the complaint was based on the University's decision to deny tenure, rather than any communicative conduct in connection with that decision." (*Ibid*.) The Court of Appeal reversed, opining a claim alleging a discriminatory decision is subject to an anti-SLAPP motion so long as the protected speech and activity contributed to that decision. (*Id.* at pp. 1061-1062.) The Supreme Court reversed, holding a discrimination claim "may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Id.* at p. 1060.) The *Park* court stated while "[t]he tenure decision may have been communicated orally or in writing . . . that communication does not convert Park's suit to one arising from such speech." (*Id*. at p. 1068.) The professor's claim alleged the university's denial of tenure was improper. Any other speech or writings were incidental or collateral to the plaintiff's claim. (*Ibid*.)

The Supreme Court further explained, "The elements of Park's claim, however, depend not on the grievance proceeding, any statements, or any specific evaluations of him in the tenure process, but only on the denial of tenure itself and whether the motive for that action was impermissible. The tenure decision may have been communicated orally or in writing, but that communication does not convert Park's suit to one arising from such speech. The dean's alleged comments may supply evidence of animus, but that does not convert the statements themselves into the basis for liability. As the trial court correctly observed, Park's complaint is 'based on the act of denying plaintiff tenure based on national origin. Plaintiff could have omitted allegations regarding communicative acts or filing a grievance and still state the same claims.' [Citations.]" (*Park*, *supra*, 2 Cal.5th at p. 1068.)

7

Here, as in *Park*, the complaint did not arise out of protected conduct because the claims could be asserted even without reference to Gann's statements or rulings. Indeed, Gann acknowledges the gravamen of the complaint is not based upon his speech or conduct, but rather his excessive compensation, violation of bylaws, and conflicts of interest.

Specifically, the first claim for breach of fiduciary duty alleges Gann owed Westview a fiduciary duty to act in good faith, with due care, and in the best interests of the charity. (Corp. Code, § 5231.) The complaint alleges Gann breached this duty by, among other things, self-dealing, excessive compensation, and preventing the board from exercising its fiduciary duty. Gann argues the allegation arises from proposals he "made for Westview's future in light of the funding crisis, including merging or shutting down programs." He further claims the allegation is based upon his "protected activity in speaking out in Board Meetings in the context of the funding changes, communications made in connection with an issue under consideration by both legislative and executive bodies and an issue of public interest." Tellingly, however, Gann fails to identify the speech, writing, or specific conduct forming the basis of his supposed protected basis.

Courts routinely reject anti-SLAPP motions based upon conduct like Gann's constituting a breach of fiduciary duty. (See, e.g., *Greco v. Greco* (2016) 2 Cal.App.5th 810, 824-825 [breach of fiduciary duty claims against trustee based on wrongful taking of money from trust and estates not protected]; *Talega Maintenance Corp. v. Standard Pacific Corp.* (2014) 225 Cal.App.4th 722, 728 [breach of fiduciary duty claims based on withholding information and improperly directing funds not protected, even though expenditure of money precipitated by board votes].) While Gann's statements and writings may contain evidence of his breach of fiduciary duty or provide context for the claim, the cause of action was not based on protected conduct, but rather on violations of his fiduciary duties to act in the best interests of Westview.

The remaining claims for abuse of control, corporate waste, unjust enrichment, and breach of charitable trust fair no better. The abuse of control claim also alleged a breach of fiduciary duty and, as explained above, does not implicate a protected interest. The corporate waste claim asserts Gann had a fiduciary duty to ensure assets were used for their intended charitable purpose. Misuse of those assets constitutes waste and breaches of trust and fiduciary duty. There is no protected interest in wasting trust assets. (*Gaynor v. Bulen* (2018) 19 Cal.App.5th 864, 880.)

The complaint alleged unjust enrichment based upon Gann's unearned and unreasonable compensation, conversion of charitable assets, and profits made from wrongful conduct to Westview's financial detriment. The law requires an officer or director of a public benefit corporation who is paid more than is just and reasonable must repay the excess to the charity with interest. (Corp. Code, § 5235, subd. (b).) Gann fails to demonstrate his unjust enrichment was an act in furtherance of his right of petition or free speech. The fifth and final allegation of breach of charitable trust suffers the same fate as the rest of the complaint. It alleges Gann misused assets subject to a charitable trust, specifically that he used charitable assets subject to a trust for improper purposes. Gann fails to meet his burden to demonstrate a protected interest in misuse of charitable assets in breach of a trust. The trial court correctly concluded the "allegations of allegedly protected speech, i.e. Gann's emails, memos and statements, are only incidental to the cause of action or as context for the claim."

We agree with the trial court that Gann failed to meet his burden under the first prong of the anti-SLAPP statute because none of the alleged claims were based upon protected conduct. Accordingly, we need not consider whether the alleged conduct was made "in connection with a public issue or an issue of public interest," as required by section 425.16, subdivision (e)(4), or consider the second prong of the statute.

9

## DISPOSITION

We affirm the trial court's order denying Gann's anti-SLAPP motion. Respondents shall recover costs on appeal.


O'LEARY, P. J.

WE CONCUR:


THOMPSON, J.


GOETHALS, J.

10